# EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**25-A-2262**

APR 15, 2025 03:32 PM

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

AMIRAH IMAN-THIAM )
)
    Plaintiff, )
)
v. )
)
PUBLIX SUPER MARKETS, INC., )
)
    Defendant. )
)

Civil Action File No. _____

**JURY TRIAL DEMANDED**

### COMPLAINT

COMES NOW Plaintiff Amirah Iman-Thiam ("Plaintiff" or "Amirah"), and files this, her Complaint against Defendant Publix Super Markets, Inc. ("Publix" or "Defendant"), respectfully showing the Court the following:

### PARTIES, VENUE, AND JURISDICTION

1.

Plaintiff is an individual resident and citizen of the State of Georgia.

2.

Publix is a foreign corporation transacting business in the State of Georgia, with its registered agent, Corporate Creations Network, Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, 30066.

3.

Jurisdiction and venue are proper herein.

### FACTUAL BACKGROUND

4.

On or around September 26, 2022, Plaintiff was shopping at Publix's store located at 1425 Market Boulevard, Suite 600, Roswell, Georgia 30076 (the "Store").

5.

While she was shopping, a Publix employee named Jonathan Ross ("Ross") began following Plaintiff around the store.

6.

After following her through the store, away from his designated work areas, Plaintiff was approached by Ross in the self-checkout line.

7.

Ross should not have been in the area of the self-checkout line as he did not work in that part of the store.

8.

Ross then made lewd comments to Plaintiff and grabbed her buttocks and vaginal area.

9.

Plaintiff immediately reported the incident to the store manager and police.

10.

When the officers arrived on site, Ross was taken to a separate area in the store for interrogation purposes. There, Ross admitted that he grabbed Plaintiff's buttocks and vaginal area.

11.

During the investigation, the store manager admitted that Ross had a history of displaying erratic behavior on the job and also admitted that he should not have been near the checkout area because his job was elsewhere.

12.

The Publix employee was apprehended by the police, taken to the Fulton County Jail, and charged with sexual battery.

13.

On or around September 24, 2024, Ross was convicted of sexual battery.

14.

As a direct result of Publix's negligence, Plaintiff has suffered from serious emotional and physical trauma. Plaintiff also sustained enormous financial loss from Publix's negligence.

15.

At the time of the accident, Plaintiff had negotiated a seven-figure international tour agreement. She was contracted to perform a multi-city musical tour of concerts within Africa and United Arab Emirates between November 1, 2022 to January 5, 2023.

16.

Plaintiff's tour was cancelled due to the emotional and physical trauma caused by Publix's negligence.

17.

The loss of the tour harmed Plaintiff financially and reputationally.

18.

Plaintiff suffered from mental anxiety and shock regarding the sexual battery committed by Publix's employee.

19.

Plaintiff was forced to hire security guards to accompany her on grocery and shopping trips. When security could not accompany her on trips, Plaintiff ordered food and groceries through various food delivery apps rather than return to grocery stores.

20.

Publix is vicariously liable for the acts of its employee, Ross. Publix is directly liable for its negligent operation, supervision, hiring, and retention of Ross.

### Count I – Negligence

21.

Plaintiff incorporates the above paragraphs as if fully set forth herein.

22.

Plaintiff was an invitee on the premises at the time of the sexual battery.

23.

Publix had a duty to maintain its premises and to operate the store in a non-negligent manner and with reasonable care and caution.

24.

Prior to and including the time when Plaintiff was sexually battered on the premises, Publix knew or should have known that its employee could commit the act of sexual battery or sexual assault against invitees, licensees, and guests. Publix knew or should have known about the propensities and tendencies of its employee. Publix knew or should have known the steps to take to prevent such an act from occurring at its store.

25.

Publix negligently failed to implement appropriate measures to protect its invitees, licensees, and guests, including Plaintiff, from becoming a victim of sexual battery.

26.

Publix negligently failed to implement policies and procedures to prevent, identify, and deter sex crimes in its store.

27.

The incident was foreseeable to Defendant, and the Defendant owed a duty to invitees and/or guests to exercise ordinary care in keeping the premises safe for invitees and/or guests.

28.

Publix negligently maintained and managed the store. Publix and its management had knowledge, both actual and constructive, of the need to properly maintain and manage the store but negligently failed to exercise ordinary care, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

29.

At all relevant times, Publix controlled the operation and management of the store and had the legal duty to keep the premises in a state consistent with due regard for the safety of its invitees, licensees, and guests including Plaintiff.

30.

Defendant breached the duty owed to Plaintiff by failing to exercise ordinary care to keep its premises safe and negligently permitting sexual battery to occur at the store.

31.

Defendant knew, or in the exercise of ordinary care, should have known, of the dangerous and hazardous conditions existing on the premises, and the failure to maintain and manage the premises, and that these conditions were likely to, and did, result in the sexual battery of Plaintiff.

32.

Defendant was negligent and said negligence proximately caused Plaintiff's injuries in the following ways:

    a.   Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

    b.   Negligently failing to prevent its employee and/or agent from committing unwanted sexual touching of Plaintiff;

    c.   Negligently failing to prevent its employee and/or agent from committing unwanted physical touching of Plaintiff;

    d.   Negligently failing to prevent its employee and/or agent from making unwanted sexual comments to Plaintiff;

e.  Negligently failing to provide appropriate and effective security personnel to prevent the unwanted touching of Plaintiff;

f.  Negligently failing to properly retain, hire, train, and supervise its employees, including Ross;

g.  Negligently failing to adopt appropriate policies and procedures to deter acts of sexual battery and/or sexual assault in the Store;

h.  Negligently failing to ensure reasonable business policies, systems, and security were adequately followed and implemented;

i.  Negligently failing to properly train and supervise its employees regarding recognition and deterrence of crime, including sexual battery; and

j.  Negligently failing to provide adequate security measures and personnel.

33.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts were the proximate causes of the injuries sustained by Plaintiff. Defendant is liable for Plaintiff's injuries sustained, pain and suffering, consequential damages caused by Defendant, the expenses of treatment and all other elements of damages allowed under the laws of the State of Georgia, including all special, compensatory, incidental, consequential, economic, and general damages.

34.

Defendant is liable for the sexual battery of Plaintiff.

35.

Defendant's negligence discussed in this count was a cause in fact and a proximate cause of Plaintiff's substantial physical, emotional, and psychological harm and other damages.

## Count II – Damages and Attorneys' Fees

36.

Plaintiff incorporates the Paragraphs above, as if fully set forth herein.

37.

As a proximate and foreseeable result of Defendant's negligence, Plaintiff sustained personal injuries, mental and emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial. Plaintiff brings each and every claim permissible under Georgia against Defendant for injuries suffered in the incident at issue, and to recover for all special damages, consequential damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present and future conscious pain and suffering;

c) Loss of enjoyment of life;

d) Medical expenses;

e) Mental anguish and emotional distress;

f) All special, compensatory, consequential, economic, punitive, and other damages permissible under Georgia and federal law; and

g) Consequential damages to be proven at trial.

8

38.

Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendant and its employees were willful and wanton and showed an entire want of care, which raises the presumption of a conscious indifference to consequences.

39.

Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against Defendant and for the following:

a)    Process be issued as provided by law;

b)    Plaintiff be awarded actual damages in amounts to be shown at trial from Defendant;

c)    Plaintiff be awarded all general, special, compensatory, economic, consequential, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendant;

d)    Plaintiff be awarded a trial by jury; and

e)    Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted this 15th day of April, 2025.

ANDERSEN, TATE & CARR, P.C.

/s/ *Justin D. Edge*
Jonathan S. Tonge
Georgia Bar No. 303999
Justin D. Edge
Georgia Bar No. 326134
Attorneys for Plaintiff

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

4899-8086-0470. v. 1

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

AMIRAH IMAN-THIAM                          )
                                           )
     Plaintiff,                           )          Civil Action File No. _____
                                           )
v.                                         )
                                           )
PUBLIX SUPER MARKETS, INC.,                )
                                           )
     Defendant.                           )
                                           )

## VERIFICATION

    Personally appeared before me, an officer duly authorized to administer oaths, Amirah Iman-

Thiam, and states under oath that the facts set forth in the foregoing Verified Complaint are true and

correct.

    This _15_ day of April, 2025.

                                         _____

                                         AMIRAH IMAN-THIAM

Sworn to and subscribed before me,
this _15_ day of April, 2025.

_____
Notary Public

4921-4564-5622, v. 1

ID# E-KXTQB34D-TFP
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**25-A-2262**

APR 15, 2025 03:32 PM

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___Cobb___ County

**For Clerk Use Only**

Date Filed __04-15-2025__
MM-DD-YYYY

Case Number __25-A-2262__

**Plaintiff(s)**
Iman-Thiam, Amirah
Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**
Publix Super Markets, Inc.
Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Edge, Justin    **Bar Number** 326134    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Contempt/Modification/Other Post-Judgment
☐ Garnishment
☑ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
　☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
　☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXTQB34D-SCH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**25-A-2262**

APR 15, 2025 03:32 PM

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  25-A-2262

$252.00 COST PAID

Iman-Thiam, Amirah
_____

**PLAINTIFF**

**VS**.

Publix Super Markets, Inc.
_____

**DEFENDANT**

### SUMMONS

TO: PUBLIX SUPER MARKETS, INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Justin Edge**
> **Andersen, Tate & Carr P.C.**
> **One Sugarloaf Centre**
> **1960 Satellite Blvd.. Suite 4000**
> **Duluth, Georgia 30097**
> **jedge@atclawfirm.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 17th day of April, 2025.**

Clerk of State Court

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division
SC-1
Rev'd 10/24

Page 1 of 1