UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMIRAH IMAN-THIAM,<br><br>   Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>   Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-02873-SEG |

**PLAINTIFF'S MOTION TO SEAL**

Pursuant to Federal Rules of Civil Procedure 26(c)(1) and 5.2(d), and Local Rule 79.1(B), and the protective order in this case (Doc. No. 8), Plaintiff files this Motion to Seal, showing the Court as follows:

1.

Defendant Publix Super Markets, Inc. filed its notice of removal on May 23, 2025. In support of that notice of removal, Defendant filed a confidential settlement communication publicly on the docket. *See* Dkt. No. 1-4.

2.

Plaintiff's counsel contacted Defendant and requested that Defendant move to file the confidential settlement communication under seal. Defendant made no response and has not so moved.

3.

Settlement communications are generally not admissible on behalf of any party. Fed. R. Evid. 408. "The purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible." Advisory Committee Notes, 1974 Enactment, Fed. R. Evid. 408. Filing inadmissible matters on the public docket generally further no purpose related to the public's interest in a case.

4.

Georgia has the same rule, arguably even broader, requiring that even statements made in compromise negotiations or mediation are inadmissible. O.C.G.A. § 24-4-408.

5.

Many courts have struck allegations from complaints that included confidential settlement negotiations. *See, e.g.*, *Philadelphia's Church of Our Savior v. Concord Township*, No. Civ. A. 03-1766, 2004 WL 1824356, * 2 (E.D.Pa. July 27, 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken, under Rule 12(f), as violative of these policies"); *United States ex rel. Alasker v. CentraCare Health Systems, Inc.*, Civ. A. No. 99-106, 2002 WL 1285089, * 2 (D. Minn. June 5, 2002) ("Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability....Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall

within the scope of Rule 408"); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y.1992) (granting defendant's motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as immaterial and potentially prejudicial); *Agnew v. Avdin Corp.*, Civ. A. No. 88-3436, 1988 WL 92872, * 4 (E.D.Pa. Sept.6, 1988) (striking parts of a complaint pursuant to Rule 408 because they referenced settlement negotiations for the purpose of showing liability).

6.

Courts have also held that the that "[t]he inclusion of the confidential settlement negotiations is impertinent and immaterial," warranting striking such material from complaints. *Askan v. Faro Techs., Inc.*, 6:23-CV-920-PGB-DCI, 2023 WL 7411243, at *5 (M.D. Fla. Oct. 6, 2023), *report and recommendation adopted,* 6:23-CV-920-PGB-DCI, 2023 WL 8868494 (M.D. Fla. Dec. 22, 2023)

7.

Plaintiff does not seek that more drastic remedy. Nor does Plaintiff dispute that the amount in controversy exceeds $75,000.

8.

In the interest of encouraging further settlement communications between the parties, Plaintiff requests the Court seal Dkt. No. 1-4.

Respectfully submitted this 28th day of May, 2025.

                                        ANDERSEN, TATE & CARR, P.C.

                                        */s/ Jonathan S. Tonge*
                                        JONATHAN S. TONGE
                                        Georgia Bar No. 303999
                                        jtonge@atclawfirm.com
                                        JUSTIN D. EDGE
                                        Georgia Bar No.326134
                                        jedge@atclawfirm.com
                                        *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile