# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AMIRAH IMAN-THIAM, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 1:25-cv-02873-SEG |
| | ) | |
| v. | ) | [On Removal from State Court of |
| | ) | Cobb County, Civil Action No. |
| PUBLIX SUPER MARKETS, INC., | ) | 25-A-2262] |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Publix Super Markets, Inc. (hereinafter "Defendant" or "Publix"), by and through undersigned counsel, files its Answer[1] and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), respectfully showing the Court as follows:

## FIRST DEFENSE

Defendant did not breach any duty owed to Plaintiff.

## SECOND DEFENSE

Plaintiff is not entitled to an award of attorney's fees or expenses of litigation

---

[1] Publix acknowledges Plaintiff's Complaint was verified but shows that it is not required to verify its answer under Fed. R. Civ. P. 11(a). *See Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (holding that even though O.C.G.A. § 9–10–111 and Fed. R. Civ. P. 11(a) conflict, federal law governs this issue, and the defendant was not required to verify its answer in a diversity action in Georgia).

pursuant to O.C.G.A. § 13-6-11 because Publix has not acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Additionally, O.C.G.A. § 13-6-11 is a category of damages recoverable in a breach of contract action. This is not a breach of contract case. Application of O.C.G.A. § 13-6-11 to this tort case would violate the Georgia Legislature's intent in the statute's application, would violate this Publix's right to trial by jury, and violate the equal protection clause of the United States Constitution.

## THIRD DEFENSE

The sole and proximate cause of the incident complained of was the acts or omissions of persons or entities other than Publix.

## FOURTH DEFENSE

Plaintiff's injuries and damages were caused by an intervening, superseding cause.

## FIFTH DEFENSE

There is no clear and convincing evidence that Publix was guilty of willful, conscious, and wanton indifference or that Publix acted with knowing and/or reckless disregard for the rights, safety, and welfare of the Plaintiff or the public, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## SIXTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Publix's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Publix's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the Constitution of the State of Georgia.

## SEVENTH DEFENSE

At all times and in all respects the Publix has acted in good faith and shows that a bona fide controversy exists as to the nature of this case and thus Plaintiff's claim for attorney's fees and expenses of litigation is invalid and without merit.

## EIGHTH DEFENSE

Publix reserves the right to assert any affirmative defenses set forth in Fed. R. Civ. P. 8 or under any applicable provision of statutory or common law, as may be appropriate based upon any evidence discovered in the pursuit of this litigation.

In answer to each of the allegations made by Plaintiff in the Complaint, Publix answers and responds as follows:

## **PARTIES, VENUE, AND JURISDICTION**

### 1.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

### 2.

Admitted.

### 3.

Denied as stated. Publix removed this case.

## **FACTUAL BACKGROUND**

### 4.

On information and belief, admitted.

### 5.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

### 6.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

7.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

8.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

9.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

10.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

11.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

12.

On information and belief, admitted.

13.

Denied as stated.

14.

Denied.

15.

Publix is without knowledge or information sufficient to form a belief as to
the truth of the allegations of this paragraph and, therefore, denies the same.

16.

Denied.

17.

Publix is without knowledge or information sufficient to form a belief as to
the truth of the allegations of this paragraph and, therefore, denies the same.

18.

Publix is without knowledge or information sufficient to form a belief as to
the truth of the allegations of this paragraph and, therefore, denies the same.

19.

Publix is without knowledge or information sufficient to form a belief as to
the truth of the allegations of this paragraph and, therefore, denies the same.

20.

Denied as stated.

## **Count I - Negligence**

21.

Publix incorporates all prior responses and defenses as if restated herein.

22.

Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

23.

Publix admits certain duties arise under applicable law, but denies it breached any such duties.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Publix admits certain duties arise under applicable law, but denies it breached any

such duties.

30.

Denied.

31.

Denied.

32.

Denied, including subparts (a) through (j).

33.

Denied.

34.

Denied.

35.

Denied.

## **Count II – Damages and Attorneys' Fees**

36.

Publix incorporates all prior responses and defenses as if restated herein.

37.

Denied, including subparts (a) through (g)

38.

Denied.

39.

Denied.

In response to the Plaintiff's "Prayer for Relief" paragraph, Publix denies that it is liable in any way to Plaintiff, denies that Plaintiff is entitled to the relief requested, and denies any allegations contained in subparagraphs (a) through (e).

## **GENERAL DENIAL**

Publix denies that it is liable to Plaintiff under any theory of recovery and in any sum in law or equity. To the extent any paragraph, sentence, subparagraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, any allegations of Plaintiff's Complaint not specifically addressed are hereby denied.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully responded to Plaintiff's Complaint, Publix demands a trial by jury on all claims so triable and prays as follows:

(a)    That it has a trial by a jury of twelve;

(b)    That the Court enter judgment in its favor on each cause of action alleged against it in the Complaint;

(c)    That it be awarded its costs, expenses and reasonable attorneys' fees; and

(d)    That the Court grant Publix any and all such further relief as this Court deems just and proper.

Respectfully submitted this 30th day of May, 2025.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Jason T. Vuchinich*
Frederick N. Sager, Jr.
Georgia Bar No. 622070
Lindsay G. Ferguson
Georgia Bar No. 140970
Jason T. Vuchinich
Georgia Bar No. 537503
3344 Peachtree Rd, N.E., Suite 2400
Atlanta, Georgia 30326
404-876-2700
rsager@wwhgd.com
lferguson@wwhgd.com

- 10 -

jvuchinich@wwhgd.com
*Counsel for Publix Super Markets, Inc.*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Jason T. Vuchinich*

Jason T. Vuchinich

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel

of record via the Court's electronic filing system as follows:

Jonathon S. Tonge
Justin D. Edge
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
jtonge@atclawfirm.com
jedge@atclawfirm.com

*Counsel for Plaintiff*

This 30th day of May, 2025.

*/s/ Jason T. Vuchinich*
Jason T. Vuchinich