**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AMIRAH IMAN-THIAM,           )<br>                              )<br>            Plaintiff,         )<br>                              )<br>v.                            )<br>                              )<br>PUBLIX SUPER MARKETS, INC.,   )<br>                              )<br>            Defendant.        )<br>_____) | CIVIL ACTION FILE NO.<br>1:25-cv-02873-SEG<br><br>[On Removal from State Court of<br>Cobb County, Civil Action No.<br>25-A-2262]<br><br>**JURY TRIAL DEMANDED** |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.     DESCRIPTION OF CASE**

   **a.**   Describe briefly the nature of this action:

**Plaintiff has filed suit in connection with an alleged sexual battery that occurred at a Publix store located at 1425 Market Boulevard, Suite 600, Roswell, Georgia 30076 on September 26, 2022.**

   **b.**   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff has filed suit in connection with an alleged sexual battery committed by a Publix employee that occurred at a Publix store located at 1425 Market Boulevard, Suite 600, Roswell, Georgia 30076 on September 26, 2022.**

**Plaintiff asserts negligence and attorneys' fees claims against Publix. Plaintiff claims all allowable damages under the law, including punitive damages.**

The legal issues to be tried are as follows:

    **Liability**

    **Causation**

    **Damages**

    **c.**    The cases listed below (include both style and action number) are:

        1.    Pending related cases: **N/A**

        2.    Previously adjudicated related cases: **N/A**

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

    _____ 1.    Unusually large number of parties

    _____ 2.    Unusually large number of claims or defenses

    \_\_**X**\_\_ 3.    Factual issues are exceptionally complex

    _____ 4.    Greater than normal volume of evidence

    \_\_**X**\_\_ 5.    Extended discovery period is needed

    _____ 6.    Problems locating or preserving evidence

    _____ 7.    Pending parallel investigations or action by government

    \_\_**X**\_\_ 8.    Multiple use of experts

_____  9.   Need for discovery outside the United States boundaries

_____ 10.  Existence of highly technical issues and proof

_____ 11.  Unusually complex discovery of electronically stored information

3. **Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

>Jonathan S. Tonge
>Justin D. Edge
>ANDERSON, TATE & CARR, P.C.
>One Sugarloaf Centre
>1960 Satellite Boulevard, Suite 4000
>Duluth, Georgia 30097
>E-Mail: jtonge@atclawfirm.com
>jedge@atclawfirm.com
>
>*Lead counsel for Plaintiff*

**Defendants:**

>Frederick N. Sager, Jr.
>Lindsay G. Ferguson
>Jason T. Vuchinich
>Weinberg Wheeler Hudgins Gunn & Dial, LLC
>3344 Peachtree Road NE, Suite 2400
>Atlanta, Georgia 30326
>Telephone: 404-876-2700
>Facsimile: 404-875-9433
>E-Mail: rsager@wwhgd.com

      lferguson@wwhgd.com
      jvuchinich@wwhgd.com

*Lead counsel for Defendant*

**4.**    **Jurisdiction**

Is there any question regarding this Court's jurisdiction?

    _____ Yes   \_\_\_**X**\_\_\_ No

If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**    **Parties to This Action**

    **a.**    The following persons are necessary parties who have not been joined: **N/A**

    **b.**    The following person are improperly joined as parties: **N/A**

    **c.**    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **N/A**

    **d.**    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amended Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

   **a.**     List separately any amendments to the pleadings that the parties anticipate will be necessary: **N/A**

   **b.**     Amendments to the pleading submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

   **a.**     *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

   **b.**     *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1

**c.** *Other Limited Motions*: Refer to Local Rule 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**d.** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.

**8. Initial Disclosures**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The parties agree that initial disclosures shall be served on or before July 11, 2025.**

**9. Request for Scheduling Conference**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10. Discovery Period**

The discovery period commences thirty days after the appearance of the first

defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four month discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Liability**

**Causation**

**Damages**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate that discovery will take six (6) months because this is a sexual assault matter that involves significant damages claims that will likely entail deposing multiple out-of-state witnesses.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    a.    What changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

    b.    Is any party seeking discovery of electronically stored information?

\_\_\_**X**\_\_ Yes _____ No

If "yes,"

    1.    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties generally agree to the discovery and production of electronically stored information and agree to meet and confer regarding specific discovery requests as to the appropriate limits of production and the necessity of an agreed-upon protective order of confidentiality.**

    2.    The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files),

Portable Document Format (PDF) or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use metadata, and have agreed as follows:

**The parties generally agree to the discovery and production of electronically stored information and agree to meet and confer regarding the appropriate format for the production of the same.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders**

What other orders do the parties think that the Court should enter under Rule 26 (c) or under Rule 16(b) and (c)?  **None at this time.**

**13.   Settlement Potential**

   **a.**   Lead counsel for the parties certify by their signatures that they conducted a Rule 26(f) conference that was held on June 25, 2025, and that they participated in settlement discussions.  Other persons who participated in settlement discussions are listed according to party:

**For Plaintiffs:**

Lead Counsel (signature) Jonathan S. Tonge /s/

**For Defendants:**

Lead Counsel (signature) Jason Vuchinich /s/

  **b.** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

  (__**X**_) A possibility of settlement before discovery

  (__**X**__) A possibility of settlement after discovery

  (_____) A possibility of settlement, but a conference with the judge is needed.

  (_____) No possibility of settlement

  **c.** Counsel (__**X**__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

  **d.** The following specific problems have created a hindrance to settlement of this case.

**Disputes about Plaintiff's allegations.**

**14.** **Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

  **a.** The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 2023.

**b.** The parties (__**X**__) do not consent to having this case tried before a magistrate judge of this court.

This 26th day of June, 2025.

ANDERSON, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Jonathan S. Tonge
Georgia Bar No. 303999
Justin D. Edge
Georgia Bar No. 326134
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
T: (770) 822-0900
F: (770) 822-9680
jtonge@atclawfirm.com
jedge@atclawfirm.com

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Jason T. Vuchinich*
Frederick N. Sager, Jr.
Georgia Bar No. 622070
Lindsay G. Ferguson
Georgia Bar No. 140970
Jason T. Vuchinich
Georgia Bar No. 537503
3344 Peachtree Rd, N.E., Suite 2400
Atlanta, Georgia 30326
T: (404) 876-2700
F: (404) 875-9433

rsager@wwhgd.com
lferguson@wwhgd.com
jvuchinich@wwhgd.com
*Counsel for Publix Super Markets, Inc.*

- 12 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AMIRAH IMAN-THIAM,      ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff,       ) | 1:25-cv-02873-SEG |
| ) | |
| v.      ) | [On Removal from State Court of |
| ) | Cobb County, Civil Action No. |
| PUBLIX SUPER MARKETS, INC.,  ) | 25-A-2262] |
| ) | |
| Defendant.       ) | **JURY TRIAL DEMANDED** |
| _____) | |

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement as set out in the Federal Rule of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 2025.

_____
Sarah E. Geraghty
United States District Judge