# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMIRAH IMAN-THIAM, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 1:25-cv-02873-SEG |
| ) | |
| v. ) | [On Removal from State Court of |
| ) | Cobb County, Civil Action No. |
| PUBLIX SUPER MARKETS, INC., ) | 25-A-2262] |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## DEFENDANT'S INITIAL DISCLOSURES

Defendant PUBLIX SUPER MARKETS, INC. (hereinafter "Defendant"), by and through counsel, submits its Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure:

## PRELIMINARY STATEMENT

Discovery in this litigation is in its infancy. The initial disclosures set forth below are necessarily made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with Fed. R. Civ. P. 26(a)(1). Defendant makes these disclosures based on the information reasonably available to it at this time. Further discovery and investigation may lead to substantial changes, additions to, and variations from these disclosures. Accordingly, Defendant reserves the right to amend or supplement it

disclosures without prejudice to its rights to produce facts, witnesses, documents, and other evidence omitted from these disclosures.

Defendant further notes that the information set forth herein may include hearsay and other forms of information that are unreliable, irrelevant, or otherwise inadmissible as evidence. Defendant therefore reserves all objections relating to the admissibility of evidence. Specifically, Defendant reserves and asserts objections to the production of documents and things that are protected from discovery by the following privileges or protections: (i) trial preparation materials (Fed. R. Civ. P. 26(b)(3)); (ii) attorney work product (Fed. R. Civ. P. 26(b)(3) and (4)); (iii) consulting expert materials (Fed. R. Civ. P. 26(b)(4)(B)); and (iv) attorney/client communications.  Defendant also reserves and asserts objections to the disclosure of information that is not relevant to any party's claims or defenses in this litigation.

## INITIAL DISCLOSURES

1. **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

    **RESPONSE:**  Defendant is properly identified.

2. **Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** Defendant makes no contention at this time that a necessary party is absent from this action, but notes for the Court that Jonathan Ross ("Ross"), the former employee of Defendant involved in the alleged incident giving rise to this lawsuit, may, at some point, become a necessary party. However, as discovery is only in its infancy, Defendant reserves the right to supplement, modify, or amend this disclosure as necessary.

3. **Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** Defendant's affirmative defenses are based on the facts as alleged in Plaintiff's Complaint and as understood by Defendant at present. Plaintiff alleges vicarious liability and direct negligence claims against Defendant based on the negligent hiring, training, retention, and supervision of its former employee, Ross. Plaintiff also alleges premises liability theories against Defendant. Given that Ross' alleged conduct giving rise to this lawsuit would amount to an intentional tort committed outside the course and scope of his employment because it was not in the furtherance of Defendant's business, Defendant cannot be held vicariously liable. Further, Defendant did not have actual or constructive knowledge related to Ross' conduct as an employee that would support claims against Defendant based on theories of premises liability, negligent hiring, training, retention and/or supervision.

Discovery in this matter is in its infancy; therefore, Defendant cannot provide a further detailed factual basis for the defenses asserted in its Answers without the benefit of discovery from the parties. Defendant reserves the right to supplement this disclosure as discovery progresses.

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** Discovery in this matter is only in its infancy; therefore, Defendant reserves the right to supplement this response as discovery progresses. The following list represents Defendant's best effort, at this early stage in the proceedings, to determine legal principles and authorities applicable to this action. Defendant will rely upon applicable Georgia and federal law concerning tort actions (O.C.G.A. § 51-1-1 *et seq.*), defenses to tort actions (O.C.G.A. § 51-11-1 *et seq.*), premises liability (O.C.G.A. § 51-3-1), damages (O.C.G.A. § 51-12-4), duty to mitigate damages (O.C.G.A. § 51-12-11), reduction of expenses to present value (O.C.G.A. § 51-12-13), comparative and contributory negligence (O.C.G.A. § 51-11-7), apportionment of fault (O.C.G.A. § 51-12-33), costs of litigation (O.C.G.A. § 13-6-11), and Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) will apply to any experts disclosed by Plaintiff.

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE:** *See* Attachment A for a list of witnesses known at this early stage in the proceedings. Because discovery in this matter is only in its infancy, Defendant reserves the right to supplement, modify, or amend this disclosure as necessary.

6. **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

**RESPONSE:** Defendant has not yet identified testifying expert witnesses. Because discovery in this matter is only in its infancy, Defendant reserves the right to supplement, modify, or amend this disclosure as necessary.

7. **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE:** *See* Attachment B for a list of documents and materials likely to be used to support potential defenses as of this early stage in the proceedings. Because discovery in this matter is in its infancy, Defendant reserves the right to supplement, modify, or amend this disclosure as necessary.

8. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.**

    **RESPONSE:** Defendant claims no damages from Plaintiff at this time. Because discovery in this matter is in its infancy, Defendant reserves the right to supplement, modify, or amend this disclosure as necessary.

9. **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

    **RESPONSE:** Defendant does not presently assert that another person or legal entity is liable for the legal claims asserted by Plaintiff in this lawsuit. However, discovery is in its infancy and Defendant's investigation is only beginning; therefore, Defendant reserves the right to supplement, modify, or amend the foregoing as necessary, either by amended response to this disclosure or by disclosure during formal discovery.

10. **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

**RESPONSE:**  Please see appropriate Insurance Declaration Page(s) attached hereto as Attachment C.

This 10th day of July, 2025.

        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC

        <u>*/s/ Jason T. Vuchinich*</u>
        Frederick N. Sager, Jr.
        Georgia Bar No. 622070
        Lindsay G. Ferguson
        Georgia Bar No. 140970
        Jason T. Vuchinich
        Georgia Bar No. 537503
        3344 Peachtree Rd, N.E., Suite 2400
        Atlanta, Georgia 30326
        404-876-2700
        rsager@wwhgd.com
        lferguson@wwhgd.com
        jvuchinich@wwhgd.com
        *Counsel for Publix Super Markets, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(C). This document has been prepared in Times New Roman font, 14 point.

This 10th day of July, 2025.

>  */s/ Jason T. Vuchinich*
>  Jason T. Vuchinich

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel of record via the Court's electronic filing system as follows:

Jonathan S. Tonge
Justin D. Edge
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
jtonge@atclawfirm.com
jedge@atclawfirm.com

*Counsel for Plaintiff*

This 10th day of July, 2025.

*/s/ Jason T. Vuchinich*
Jason T. Vuchinich

# **ATTACHMENT A**

1. Plaintiff
   c/o Jonathan S. Tonge
   ANDERSON, TATE & CARR, P.C.
   One Sugarloaf Centre
   1960 Satellite Boulevard, Suite 4000
   Duluth, Georgia 30097

2. Officer J. Hall
   Officer H.G. Marietta
   Officer R. Wuest
   Roswell Police Department
   39 Hill Street
   Roswell, Georgia 30075

3. Plaintiff's medical providers

4. Jonathan W. Ross
   9530 Stoney Ridge Lane
   Johns Creek, Georgia 30022

5. John Joseph Terza, Publix Store Manager
   c/o Jason T. Vuchinich
   Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
   3344 Peachtree Rd, N.E., Suite 2400
   Atlanta, Georgia 30326

6. Defendant will supplement this disclosure as discovery progresses.

- 11 -

## ATTACHMENT B

1. Roswell Police Department Incident/Investigation Report;

2. Police Body Camera Footage of Investigation;

3. Ross' Personnel File;

4. Publix Store Surveillance video;

5. Documents identified and produced by Plaintiff in her Initial Disclosures or in response to Defendant's discovery requests; and

6. Documents or evidence revealed in discovery or identified by any party.

## **ATTACHMENT C**

Please see appropriate Insurance Declaration Page(s) attached hereto.

This SPECIAL MULTI-FLEX POLICY is provided by the stock insurance company(s) of The Hartford Insurance Group, shown below.

# COMMON POLICY DECLARATIONS

**POLICY NUMBER:** 20 ECS S50102
**RENEWAL OF:** 20 ECS S50102

THE HARTFORD

**Named Insured and Mailing Address:** PUBLIX SUPER MARKETS, INC.
**(No.,Street,Town,State,Zip Code)** GEORGE JENKINS BLVD, P.O. BOX 32016
LAKELAND, FL 33802

**Policy Period:** **From** 01/01/2022   **To** 01/01/2023
12:01 a.m. Standard Time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are of this policy are listed below. The Advance Premium shown may be subject to adjustment.

**Total Advance Premium:** ▬▬▬▬▬

| Coverage Part and Insurance Company Summary | | Advance Premium |
|---|---|---|
| COMMERCIAL GENERAL LIABILTIY (EXCESS) | HARTFORD FIRE INSURANCE COMPANY HARTFORD, CT 06155 | INCLUDED |

**Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.**

EH0012 0605

**Agent/Broker Name:**

MARSH USA, INC.          260102
3560 LENOX ROAD
SUITE 2400
ATLANTA, GA 30326

Countersigned by                    *Susan L. Castaneda*                  01/01/2022
(Where required by law)             Authorized Representative             Date

01/21/2022
**Form HM 00 10 01 07**

# COMMERCIAL GENERAL LIABILITY (EXCESS) COVERAGE PART - DECLARATIONS



**DECLARATIONS**

**Previous Policy No.** 20 ECS S50102

**POLICY NO.** 20 ECS S50102

This COMMERCIAL GENERAL LIABILITY (EXCESS) COVERAGE PART consists of:

- **A.** This Declarations;
- **B.** Commercial Liability Schedule, if applicable;
- **C.** Commercial General Liability (Excess) Coverage Form; and
- **D.** Any Endorsements issued to be part of this Coverage Part and listed below.

1. **Audit Period is the Policy Period unless otherwise herein stated:**  ☐ Semi-Annual  ☐ Quarterly  ☐ Monthly  ☐ Annual  ☒ Not subject to Audit

2. **Advance Premium** ██████████ ,which is  ☒ A Flat Charge Per Each Policy Period
   ☐ Adjustable at the end of each Audit Period, Per Premium Computation Endorsement

   **Applicable State Surcharges:** REFER TO SCHEDULE HC1210
   Note: charges, if any, are included in item **2.** above

3. **Limits of Insurance**
   The Limits of Insurance, subject to all the terms of this policy that apply, are:

   | | |
   |---|---|
   | Each Occurrence | $ 3,000,000 |
   | Personal and Advertising Injury Limit | $ 3,000,000 |
   | General Aggregate Limit (Other than Products-Completed Operations) | $15,000,000 |
   | Products-Completed Operations Aggregate Limit | $ 3,000,000 |

4. **Self-Insured Retentions**
   Your self-insured retentions, subject to all the terms of this policy that apply, are:

   | | |
   |---|---|
   | Each Occurrence Retention | $2,000,000 |
   | Personal and Advertising Injury Retention | $2,000,000 |
   | General Aggregate Retention (Other than Products-Completed Operations) | UNLIMITED |
   | Products-Completed Operations Aggregate Retention | UNLIMITED |
   | All coverages (including Products-Completed Operations) Aggregate Retention | UNLIMITED |

5. **Classification, if any:**
   REFER TO EXTENSION SCHEDULE.

6. **Business Description**
   RETAIL GROCERY CHAIN

7. **Form Numbers of Coverage Forms and Endorsements forming a part of this policy:**
   SEE LISTING OF POLICY PROVISIONS AND ENDORSEMENTS FORMING A PART OF THE POLICY AT ISSUE.

Service Excess #: NOT APPLICABLE

01/21/2022

**Form EH 00 12 06 05**

(c) 2005, The Hartford