UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMIRAH IMAN-THIAM | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 1:25-cv-02873-SEG |
| | ) | |
| v. | ) | |
| | ) | |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

COMES NOW Plaintiff Amirah Iman-Thiam and files the following as her Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1):

**For each of the disclosures set forth below, Plaintiff reserves the right to supplement the information, if necessary, throughout the course of this Action.**

(1) State precisely the classification of the cause of action being filed a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Plaintiff brings this action against Defendant Publix Super Markets, Inc. for negligence, vicarious liability, and premises liability.**

In September of 2022, Plaintiff was shopping at Publix's store when she was followed and sexually battered by a Publix employee. Plaintiff immediately

reported the incident to the store manager and police. The Publix employee admitted he sexually battered Plaintiff, and the store manager admitted the employee had a history of displaying erratic behavior on the job and that he should not have been near the area where the incident occurred. The Publix employee was arrested, charged, and convicted for sexual battery.

Publix had a duty to maintain its premises and to operate the store and supervise its employees in a non-negligent manner and with reasonable care and caution. Prior to and including the time when Plaintiff was sexually battered on the premises, Publix knew or should have known that its employee could commit the act of sexual battery or sexual assault against invitees, licensees, and guests. Publix should have known about the propensities and tendencies of its employee. Publix also knew or should have known the steps to take to prevent such an act from occurring at its store.

Publix negligently failed to implement appropriate measures to protect its invitees, licensees, and guests, including Plaintiff, from becoming a victim of sexual battery. Publix also negligently failed to implement policies and procedures to prevent, identify, and deter sex crimes in its store. The incident was foreseeable to Defendant, and the Defendant owed a duty to invitees and/or guests to exercise ordinary care in keeping the premises safe for invitees and/or guests.

**Defendant breached the duty owed to Plaintiff by failing to exercise ordinary care to keep its premises safe and negligently permitting sexual battery to occur at the store. Defendant knew, or in the exercise of ordinary care, should have known, of the dangerous and hazardous conditions existing on the premises, and the failure to maintain and manage the premises, and that these conditions were likely to, and did, result in the sexual battery of Plaintiff. Accordingly, Defendant's actions or lack thereof directly contributed to Plaintiff's harm.**

(2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Statutes, codes, and regulations applicable to this case include, but are not limited to: O.C.G.A. §§ 51-3-1; 51-1-2; 51-1-6; 51-1-8, 13-6-11, 9-11-68, and 9-15-14.  Common law doctrines of negligence are also applicable.**

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

*See* **Attachment A.**

(4)     Provide the name of any person who may be used at trial to present

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

    *See* **Attachment B.**

(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

    *See* **Attachment C.**

(6)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

    *See* **Attachment D.**

(7)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

*See* **Attachment E.**

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**None that are known.**

Respectfully submitted, this 14th day of July 2025.

                                         ANDERSEN TATE & CARR, P.C.

                                         */s/ Justin D. Edge*

                                         Justin D. Edge
                                         Georgia Bar No. 326134
                                         Counsel for Plaintiff

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
jedge@atclawfirm.com

## **LR 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1.C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 14th day of July 2025.

/s/ *Justin D. Edge*

Justin D. Edge
jedge@atclawfirm.com
Georgia Bar No. 326134
Attorney for Plaintiff

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

# ATTACHMENT "A"

The following individuals are believed to have discoverable information regarding Plaintiff's claims:

1. Amirah Iman-Thiam, c/o Andersen, Tate and Carr, P.C. (Plaintiff);

2. Aliaune Damala Badara Akon Thiam (Plaintiff's husband);

3. Jonathan W. Ross (former employee of Publix);

4. John Joseph Terza (Publix Store Manager);

5. All employees and former employees at the Publix store located at 1425 Market Boulevard, Suite 600, Roswell, Georgia 30076;

6. Detectives, Investigators, Officers, and other employees of the Roswell Police Department, 39 Hill Street, Roswell, Georgia 30075;

7. Any witness identified in Defendant's initial disclosures and all discovery responses;

8. Any witness identified in Plaintiff's and Defendant's document productions or any other document exchanged among the parties; and

9. Any witness identified during any future deposition in this case.

Plaintiff will supplement this disclosure as discovery progresses.

## **ATTACHMENT "B"**

At this time, Plaintiff has not yet made the decision as to which, if any, expert(s) will testify at trial. Plaintiff reserves the right to supplement this response as appropriate during the course of this litigation.

## ATTACHMENT "C"

| 1 | *Roswell Police Department Incident/Investigation Report* |
|---|---|
| 2 | *Police Body Camera Footage of Investigation* |
| 3 | *Jonathan Ross' Personnel File* |
| 4 | *Publix Store Surveillance video* |
| 5 | *Jonathan Ross's Trial Transcript* |
| 6 | *Any and all documents produced by Plaintiff.* |
| 7 | *Any and all documents produced by Defendant, including any and all documents produced by Defendant in other cases against it.* |
| 8 | *Any and all documents received by subpoena and/or third-party discovery.* |
| 9 | *Pictures, documents, and other related materials discovered as it relates to Defendant in anticipation of litigation.* |

**Discovery is ongoing. Plaintiff reserves the right to supplement this list as additional documents become available.**

## ATTACHMENT "D"

Plaintiff states her intention to bring each and every claim permissible under Georgia law against Defendant for injuries suffered in the incident at issue.

As a direct, proximate, and foreseeable result of the Defendant's actions or omissions, Plaintiff sustained personal injuries, mental and emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial.  Damages will be awarded in an amount to be determined by the enlightened conscience of a fair and impartial jury.

Plaintiff brings each and every claim permissible under Georgia law against Defendant for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all other compensatory, special, actual, general and punitive damages permissible under Georgia law.  Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia and federal law, including but not limited to:

(a) Personal injuries

(b) Past, present, and future conscious pain and suffering;

(c) Loss of enjoyment of life;

(d) Medical expenses;

(e) Mental anguish and emotional distress;

*(f)* All special, compensatory, economic, punitive, and other damages permissible under Georgia law and federal law; and

*(g)* Consequential damages to be proven at trial.

Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Federal and Georgia statutory common laws.

## ATTACHMENT "E"

Plaintiff is not aware of any such insurance agreements apart from those providing coverage to Defendant.