UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMIRAH IMAN-THIAM,<br><br>    Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>    Defendant. | Civil Action File<br><br>Number 1:25-cv-02873-SEG |

### PLAINTIFF'S 30(B)(6) NOTICE OF DEPOSITION OF PUBLIX SUPER MARKETS INC.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Counsel for Plaintiff will take the deposition of **DEFENDANT PUBLIX SUPER MARKETS, INC.** with respect to the topics set forth below. The deposition will take place on November 19, 2025, at 10:00 a.m., Eastern Standard Time, at the law offices of Weinberg, Wheeler, Hudgins, Gunn, & Dial, 3344 Peachtree Road NE, Ste 2400, Atlanta, GA 30326. The deposition will be taken under cross examination before an officer duly authorized to administer oaths, by stenographic means, and will be taken for discovery, for use at trial, and for all permissible purposes. The oral examination will continue from day to day until completed. Opposing counsel may attend and examine.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and whom Defendant Publix Super Markets, Inc. will fully prepare and testify regarding the following designated matters and as to such information that is known or reasonable available to Defendant. Plaintiff reserves the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Defendant Publix Super Markets, Inc. with respect to each of the identified topics.

## MATTERS OF EXAMINATION

Defendant must designate and produce one or more knowledgeable representatives to testify on its behalf regarding the following topics:

1. Defendant's knowledge regarding the creation, existence, retention, location, or production of materials produced or requested to be produced in discovery.

2. The methods, procedures, and efforts Defendant took to search for documents, materials, or information responsive to Plaintiff's discovery requests.

3. The identity, job title, job performance, job descriptions, and contact information of all individuals who worked at Defendant's store from 2019 through 2020, including whether each such individual still works for or at the store.

4. The personnel file, employment application, and disciplinary record for Jonathan Ross.

5. The identity of all employees who were present at the store or an eyewitness to the subject incident, have knowledge any investigations related to the subject incident, or were present at the trial of Jonathan Ross.

6. Defendant's written policies, procedures, and training programs addressing sexual harassment and related workplace conduct since 2019. This may include:
    a. All compliance, safety, training, and operations policies and procedures related to sexual harassment, sexual assault, and sexual battery, identification, and prevention;
    b. All employee training programs, education initiatives, or awareness campaigns related to sexual harassment, sexual assault, or sexual battery identification, and prevention in the workplace;
    c. All policies and procedures related to reporting suspected instances of sexual harassment, sexual assault, or sexual battery in the workplace, including internal reporting mechanisms and protocols for contacting law enforcement or other relevant authorities;
    d. A complete and thorough description of all hiring, training, and supervision policies or standards followed by the Defendant with its employees as they related to guest/patron safety in Defendant's store;
    e. All oversight mechanisms in place to ensure compliance with relevant laws, regulations, industry standards, and internal policies related to sexual harassment, sexual assault, or sexual battery in the workplace, including training requirements for employees and managers;
    f. All actions taken by Defendant to deter or prevent sexual harassment, sexual assault, or sexual battery occurring at Defendant's store and its premises; and
    g. A comprehensive description of all security practices implemented at Defendant's store, including but not limited to the use of security cameras and security patrols.

7. Defendant's knowledge regarding the circumstances surrounding Plaintiff's sexual battery that occurred at Defendant's store on September 26, 2022.

8. Defendant's knowledge of all individuals who may have knowledge or serve as a witness to any facts or circumstances relevant to Plaintiff's claims against Defendant.

9. The communications between Publix corporate officials, Publix managers, Publix assistant managers, Publix team leads, insurance carriers, investigators, the police department, or sheriff department related to Jonathan Ross or the subject incident.

10. The factual basis for each Defense raised in Defendant's Answer to Plaintiff's Complaint.

11. All information and documentation related to Defendant's insurance coverage and policy limits, including all communications with its insurance company regarding potential insurance coverage for Plaintiff's claims.

12. All instances from 2017 to present where Defendant has made any report to any third party, including without limitation law enforcement agencies, insurance companies, or financial lenders of any criminal activity occurring at Defendant's store and its premises, including sexual harassment, sexual assault, or sexual battery, or other sex crimes.

13. All investigations Defendant performed related to Plaintiff's sexual battery.

## DOCUMENTS

Defendant shall electronically produce the following documents and things noticing counsel at least two (2) business days prior to the date of the deposition:

1. All documents which Defendant reasonably expects it will reference or rely upon when providing testimony regarding the above-referenced scopes.
2. All documents which the company reasonably expects will form the basis for its testimony regarding the above-referenced scopes.
3. All documents requested in Plaintiff's First Requests for Production of Documents and identified in Plaintiff's First Continuing Interrogatories.

**PLEASE TAKE NOTICE** that if you claim any information, documents, or thing sought or requested is privileged, protected by the work-product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to access the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that these discovery requests are deemed continuing. Should you in the future discover any information relating to any of the above matters of inquiry, you are required to notify Plaintiff's counsel of this new or additional information by way of supplemental discovery responses.

4

Respectfully submitted on October 23, 2025.

        **ANDERSEN, TATE & CARR, P.C.**

        /s/ *Jonathan S. Tonge*
        Jonathan S. Tonge
        Georgia Bar No. 303999
        Justin D. Edge
        Georgia Bar No. 326134
        *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## **CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

**ANDERSEN, TATE & CARR, P.C.**

/s/ *Jonathan S. Tonge*
Jonathan S. Tonge
Georgia Bar No. 303999
Justin D. Edge
Georgia Bar No. 326134
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680